PEOPLE *v.* HARRIS.

CRIMINAL LAW—POSSESSION OF MARIJUANA—EVIDENCE.
> Evidence, consisting of defendant's fingerprint upon sack containing marijuana cigarettes, found in an apartment not occupied by defendant *held*, insufficient upon which to base a conviction of him of the crime of illegal possession of marijuana (CLS 1956, § 335.153).

Appeal from Recorder's Court of Detroit; Ricca (John A.), J. Submitted January 14, 1960. (Docket No. 65, Calendar No. 48,310.) Decided February 25, 1960.

Samuel Harris was convicted of illegal possession of narcotics. Reversed and remanded for discharge.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel Brezner* and *Steven G. Danielson,* Assistant Prosecuting Attorneys, for the people.

*Henry Heading,* for defendant.

KELLY, J. The trial court found defendant guilty of illegal possession of marijuana. PA 1952, No 266, § 3 (CLS 1956, § 335.153 [Stat Ann 1957 Rev § 18-.1123]).

---

REFERENCES FOR POINTS IN HEADNOTES
20 Am Jur, Evidence § 1223.
Fingerprints, palm prints, or bare footprints as evidence. 28 ALR2d 1115.

A sack containing the marijuana was found by members of the Detroit police department in an apartment in the city of Detroit.

The evidence disclosed that defendant did not live in the apartment, and the court so found.

The only evidence that could possibly justify a finding of guilt was a fingerprint upon the sack containing the marijuana cigarettes, which fingerprint was identified as that of defendant.

The evidence was not sufficient to sustain a conviction of possession, and that fact was admitted by counsel for the People of the State of Michigan during oral argument before this Court.

The judgment entered and the sentence imposed are reversed, and the cause remanded to the trial court to enter an order in accordance herewith and discharge defendant.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.